UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NORA ROBLES,

        Plaintiff,

  v.                                              Case No. 12-C-1172

GREEN BAY EDUCATION ASSOCIATION and
GREEN BAY AREA PUBLIC SCHOOL DISTRICT,

        Defendants.

**ORDER GRANTING MOTION FOR SANCTIONS**

      The Green Bay Area Public School District, one of the two Defendants in this action, has filed a motion for sanctions under Fed. R. Civ. P. 37(d)(1)(a)(i), which provides that a court may order sanctions if a party fails to appear for its own deposition. For the reasons given below, the motion will be granted, in part.

      Plaintiff's counsel, Franz Maurer, admits that a series of scheduling snafus were to blame for his failure to appear at a deposition scheduled to take place in Green Bay. The reasons given are a sampler platter of the reasons that are customarily given in such cases, and I mention them only briefly because Mr. Maurer has essentially conceded error and has thrown himself on the mercy of opposing counsel and the court. There was a new scheduling system in Maurer's office; he did not have access to that system at home, where he was located when he received opposing counsel's email confirming the time of the deposition; he failed to update his office calendar with that time when he returned to work; and he was unavailable by telephone the day of the deposition because he was on a family vacation at a water park in Wisconsin Dells. Upon finally receiving messages

from his client and opposing counsel early on the evening of the ill-fated deposition, Maurer immediately contacted them to express his "sincerest apologies to you and all involved." (ECF No. 18-7 at 22.) In addition, Maurer offered to pay for the court reporter fees and two hours of opposing counsels' legal time. The attorney for the Green Bay Education Association accepted his offer while the Green Bay Area Public School District did not.

Counsel for the School District explained his decision to reject Mr. Maurer's offer to pay for costs plus two hours' worth of attorney's fees in a lengthy letter to Maurer. (ECF No. 18-7.) In sum, counsel for the Defendant explained that he wanted payment of $1,425.43, which covered the room rental fee, the court reporter, mileage (he drove from Milwaukee to Green Bay), and 6.2 hours of attorney time. The 6.2 hours derives from the fact that opposing counsel waited for 2.33 hours in the deposition room before concluding that Maurer was a no-show (Maurer's client evidently had said that Maurer was on his way) and also includes the drive time of a little less than four hours for the round-trip from Milwaukee. The motion for sanctions followed.

Here, it is an unavoidable fact that Maurer's error, while apparently completely innocent, resulted in the incurrence of a significant amount of expenses and attorney's fees. There is no reasonable principle that would require such costs to be borne either by the School District or by its counsel, who essentially wasted the better part of a day due to Maurer's scheduling error. Although the bulk of the fees result from travel time, it is not as though the District had hired attorneys from New York or Los Angeles. Green Bay entities commonly hire counsel from Milwaukee, and there was nothing unusual about the retainer of Milwaukee counsel here. In cases like this, equity demands that the cost be borne by the party in error rather than anyone else.

The District also asks that its fees incurred in filing the instant motion be reimbursed as well.

2

Although it was Maurer's conduct and failure to fully compensate the District that gave rise to the motion in the first place, I am unwilling to require Maurer to pay for more than two hours of additional time, principally because it appears that the District's counsel performed work beyond what is customary in attempting to resolve the dispute. The single-spaced letter he sent to Mr. Maurer reads like a brief, replete as it is with defined terms, numerous case citations from several district and circuit courts, as well as a number of exhibits. The actual amount in dispute originally was only about $1,000 (the difference between Maurer's offer and what the District seeks), but it seems likely that counsel spent more than that amount simply trying to collect it. A simple motion accompanied by an affidavit might have sufficed under these conditions, and I therefore will not impose more than two additional hours of fees on Maurer.

The motion for sanctions is **GRANTED**. Mr. Maurer is directed to pay the District's counsel $1,425.43 for costs and fees incurred on August 26, 2013, as well as $360 for two additional hours incurred in preparing the motion for sanctions.

**SO ORDERED** this 17th day of October, 2013.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court